**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Augusta, Georgia
By bgary at 3:24 pm, Jun 15, 2011

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Statesboro Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number 07-60774 |
| LARRY T. WALSH and | ) | |
| MARY R. WALSH | ) | |
| | ) | |
| Debtors | ) | |
| | ) | |
| HUON LE | ) | |
| | ) | |
| Chapter 13 Trustee/ | ) | |
| Objecting Party | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY T. WALSH AND | ) | |
| MARY R. WALSH | ) | |
| | ) | |
| Debtors/Respondents | ) | |

**ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S
CLAIM OF EXEMPTIONS**

This matter comes before me on the Chapter 13 Trustee's Objection to Debtors' Claim of Exemptions, with response by Debtors. At issue is whether an interest in a probate estate that Debtors acquired more than 180 days after the filing of their petition is property of the estate under 11 U.S.C. § 541. If such an interest is property of the estate, a second issue arises as to whether Debtors may exempt such an interest pursuant to Ga. Code Ann. § 44-13-100(a)(1).

AO 72A
(Rev. 8/82)

I conclude that the interest is not property of the estate and therefore do not reach the exemption issue. Consequently, I overrule the Trustee's objection, as Debtors' claim of exemption is immaterial because the property is not subject to exemption.

## BACKGROUND

Debtors filed this chapter 13 case on December 10, 2007. Debtors' proposed plan was confirmed on February 29, 2008. On January 3, 2011, Debtors filed amended Schedules B and C to reflect an interest of unknown value in the estate of Debtor Mary Walsh's deceased mother, noting that the interest was acquired more than 180 days after confirmation. (ECF No. 148 at 5.)

On January 4, 2011, the Trustee objected to the Debtors' claim of exemptions. At hearing on the objection on April 11, 2011, Debtors explained that they amended their schedules in good faith and out of concern for their disclosure obligations under In re Waldron, 536 F.3d 1239 (11th Cir. 2008).[1] Nevertheless, Debtors contend that the interest is not property of the estate and, therefore, they need not claim an exemption.

---

[1] In re Waldron discussed at length the nature of a debtor's continuing duty to disclose certain postconfirmation assets, but did not address whether a debtor is required to disclose an interest in an inheritance acquired more than 180 days postpetition. See 536 F.3d at 1244-46.

2

## DISCUSSION

Property of the estate is defined broadly to include "any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . by bequest, devise, or inheritance." 11 U.S.C. § 541(a)(5)(A). In a chapter 13 case, "[p]roperty of the estate includes in addition to the property specified in Section 541 . . . all property of the kind specified in such section that the debtor acquires after commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1).

Here, the parties contest whether an interest of Debtor Mary Walsh falls within this definition of property of the chapter 13 estate. The interest at issue derives from a prospective distribution to Debtor Mary Walsh through the administration of her mother's probate estate. This interest arose upon the death of Mary Walsh's mother in December 2010, more than 180 days from the date of filing of this chapter 13 case.

The chapter 13 Trustee contends that § 1306(a)(1) contemplates such an interest and defines it as property of the chapter 13 estate. In so arguing, the Trustee asserts that the 180-day limitation of 11 U.S.C. § 541(a)(5)(A) does not apply or is somehow superseded by the language of § 1306(a). To arrive at

3

this conclusion, the Trustee reasons that where § 1306(a)(1) adds to property of the estate specified in § 541 property acquired after the commencement of a case but before the case is closed, dismissed, or converted, it does so irrespective of contrary time limitations included in § 541(a)(5)(A).

Proper construction of § 541(a)(5) and § 1306(a)(1) mandates against the Trustee's position. When interpreted so as to harmonize the statute and give meaning to each of its words, the provisions do not include within the definition of property of the chapter 13 estate an interest in an inheritance acquired more than 180 days postpetition.

Canons of statutory construction require that courts give effect to every word of a statute wherever possible. Leocal v. Ashcroft, 543 U.S. 1, 12 (2004). "[I]f it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant." TRW, Inc. v. Andrews, 534 U.S. 19, 31 (2001).

The Trustee's interpretation renders the time limitations included in § 541(a)(5) void. Where § 1306(a)(1) adds "property of the kind specified" in § 541, the Trustee implies that the time limitation in § 541(a)(5) does not in fact define the kind of property specified or, at best, that § 1306(a)(1) redefines the kind of property specified by substituting a new time limitation, namely the date the case is closed, dismissed, or converted.

4

On the other hand, a proper construction of the provisions incorporates the time limitation of § 541(a)(5) into § 1306(a)(1). In this way, "of the kind specified" draws in all of the specifications set forth in § 541(a)(5) rather than discarding a time limitation—a defining clause—absent evidence that Congress had intended that result. Such a reading does not render the seemingly conflicting time limitations set forth in 1306(a)(1) superfluous. Indeed, any interest in an inheritance acquired by a debtor in a chapter 13 case postconfirmation but within 180 days of the filing of a petition is undoubtedly property of the estate.

In addition, principles of statutory construction advise that general provisions within a statute should not, as a rule, be read to supersede specific substantive provisions. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 385 (1992); In re Bateman, 331 F.3d 821, 825 (11th Cir. 2003). Here, the more specific date restriction that helps define the kind of property included in the estate pursuant to § 541(a)(5) controls and is not superseded by conflicting temporal elements of § 1306(a)(1).

Accordingly, where the provisions of § 541 apply to define what property acquired postpetition shall be included in the chapter 13 estate, the limitations imposed within § 541 must also apply. In re Schlottman, 319 B.R. 23, 25 (Bankr. M.D. Fl. 2004).

5

AO 72A
(Rev. 8/82)

The Trustee's contention that In re Waldron dictates a different result is incorrect. In Waldron, the Eleventh Circuit held that the claims of the Debtor for underinsured-motorist benefits that arose postconfirmation were property of the estate. To arrive at this conclusion, the court presumably construed the language of § 541(a)(1) in conjunction with § 1306(a). The court found that § 1306(a) controlled the time frame in which such interest would become property of the estate. That conclusion was supportable because § 541(a)(1) contains no time limitation at all. Therefore, Waldron does not resolve the question of which temporal provision is controlling where § 1306(a)(1) and § 541 seem to conflict.[2]

The Trustee also cites as persuasive authority In re Nott, 269 B.R. 250 (Bankr. M.D. Fl. 2000). In that case, the court held that an interest in an inheritance acquired postpetition was property of the estate without any consideration of the 180-day limitation of § 541(a)(5). See id. at 257. Because that case failed to address the seemingly conflicting time provisions of § 541(a)(5) and § 1306(a), it is not helpful to the analysis here.

---

[2] Alas, had the Waldron court seen fit to adopt a less expansive view of "property of the estate" post chapter 13 confirmation and limited it to property acquired postconfirmation and committed under the plan to payment of prepetition debt, the balance having vested in the debtor, this conflict would never have arisen. See, e.g, Foreman v. J. Walter Constr. Co. (In re Foreman), 378 B.R. 717, (Bankr. S.D. Ga. 2007); Telfair v. First Union Mortg. Corp. (In re Telfair), 224 B.R. 243 (Bankr. S.D. Ga. 1998), aff'd, 216 F. 3d 1333 (11th Cir. 2000); American Gen. Fin., Inc. v. McKnight (In re McKnight), 136 B.R. 891 (Bankr. S.D. Ga. 1992).

6

In addition, contrary authority exists within the same judicial district. See, e.g., In re Schlottman, 319 B.R. at 25. Thus, I do not find the case persuasive.

## CONCLUSION

Based upon the foregoing discussion, Debtor Mary Walsh's interest in the estate of her deceased mother is not property of the kind specified in § 541(a)(5), because it arose more than 180 days after the date the petition was filed. Consequently, the interest is not added to the chapter 13 estate by operation of § 1306(a)(1). Debtors need not claim an exemption in the interest because the interest is not property of the estate.

For this reason, the Trustee's Objection to Debtors' Claim of Exemptions is **ORDERED OVERRULED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 15th day of June, 2011.

7

AO 72A
(Rev. 8/82)